UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JEAN SENATUS, individually,

Plaintiffs,

v. CASE NO.:

REGIONAL ACCEPTANCE CORPORATION, a North Carolina corporation,

Defendant.
____________________________________/

# COMPLAINT

Plaintiff JEAN SENATUS brings this Complaint against Defendant REGIONAL ACCEPTANCE CORPORATION ("Defendant") to stop Defendant's practice of making unsolicited phone calls to his cellular telephone, and to obtain redress for the same. Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief.

## INTRODUCTION

1. The Telephone Consumer Protection Act[1] (the "TCPA") prohibits making telephone calls to cellular telephones – using either an automatic telephone dialing system ("ATDS") or an artificial/prerecorded message – without the prior express consent of the called party. Additionally, it is a violation of the Florida Consumer Collection Practices Act (the "FCCPA") to:

---

[1] 47 U.S.C. § 227

> [w]illfully communicate with [a] debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass [a] debtor or any member of her or his family.

§ 559.72(7), Fla. Stat.

2. In short, Defendant violated the TCPA by habitually calling Plaintiff JEAN SENATUS ("Plaintiff"), using an ATDS and/or a prerecorded message, in an attempt to contact an individual other than Plaintiff, to wit, Amy Gil, despite being told by Plaintiff on most, if not all, such occasions that he (Plaintiff) was not Amy Gil and Plaintiff's tandem demand for such calls to stop.

3. As set forth in more detail below Defendant made a *minimum* of 200 calls to Plaintiff after learning that Plaintiff was not Amy Gil and that Plaintiff had demanded for Defendant to stop calling, and as a result, "willfully or knowingly"[2] violated the TCPA a *minimum* of 200 times, and willfully[3] harassed Plaintiff in violation of the FCCPA.

**PARTIES**

4. Plaintiff is a natural person and citizen of the State of Florida, residing in Collier County, Florida.

5. Defendant is a corporation organized and existing under the laws of the State of North Carolina.

---

[2] *See*, 47 U.S.C. §227(b)(3)(C) ("[i]f the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times [actual monetary loss from said violation or $500.00, whichever greater]").

[3] *See*, § 559.72(7), Fla. Stat. ("[w]illfully communicate with the debtor… with such frequency as can reasonably be expected to harass").

6. Defendant's principal place of business is located at 1424 East Fire Tower Road, Greenville, North Carolina 27858.

7. Defendant regularly engages in business throughout the State of Florida and derived substantial revenue from interstate commerce.

**JURISDICTION AND VENUE**

8. The Court has subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. § 1367.

9. The Court has personal jurisdiction over Defendant because a substantial part of the events and omissions giving rise to the cause of action herein occurred in this state.

10. Venue is proper in this District because Defendant resides within this District pursuant to 28 U.S.C § 1391.

**FACTUAL ALLEGATIONS**

11. Defendant and/or its agents called Plaintiff's cellular telephone an egregious number of times within the four years immediately preceding the filing of this Complaint.

12. Each time Defendant called Plaintiff, Defendant was attempting to locate and/or collect a debt from an individual other than Plaintiff, to wit, Amy Gil.

13. Moreover, in attempting to collect said debt from Amy Gil, Defendant repeatedly called Plaintiff's cellular telephone two or more times a day and five or more times a week.

14. On information and belief, Defendant is a "creditor" as defined by the FCCPA.[4]

15. On information and belief, the debt Defendant was attempting to collect from Amy Gil, was a "debt" or "consumer debt" as defined by the FCCPA.[5]

16. On information and belief, Defendant is a "debt collector" as defined by the FCCPA.[6]

17. Defendant utilized an ATDS and/or an artificial/prerecorded voice message when it and/or its agents called Plaintiff.

18. On information and belief, Defendant's use of an ATDS to call Plaintiff is evidenced by the distinct pause regularly noticed by Plaintiff – whereby when Plaintiff would answer Defendant and/or its agent's telephone call, there was a noticeable pause before Defendant and/or its agent would begin speaking.

---

[4] *See*, § 559.55(5), Fla. Stat. ("'[c]reditor' means any person who offers or extends credit creating a debt or to whom a debt is owed, but does not include any person to the extent that they receive an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another").

[5] *See*, § 559.55(6), Fla. Stat. ("'[d]ebt' or 'consumer debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment").

[6] *See*, § 559.55(7), Fla. Stat. ("'[d]ebt collector' means any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term 'debt collector' includes any creditor who, in the process of collecting her or his own debts, uses any name other than her or his own which would indicate that a third person is collecting or attempting to collect such debts").

19. In addition to the utilization of an ATDS, Plaintiff was also greeted with a pre-recorded message (after a noticeable pause) upon answering many of Defendant's and/or its agent's telephone calls.

20. Defendant's use to pre-recorded messages is exemplified in voicemails Defendant frequently left if Plaintiff did not answer Defendant's call, whereby such voicemail consisted entirely of a pre-recorded message.

21. Plaintiff did not provide his cellular telephone number to Defendant for the purpose which Defendant was calling, nor did Plaintiff consent to Defendant calling his cellular telephone.

22. Plaintiff repeatedly and explicitly told Defendant that he (Plaintiff) was not Amy Gil, and that he (Plaintiff) was demanding for Defendant to stop calling; However, Defendant kept calling.

23. Accordingly, Defendant made a *minimum* of 200 calls to Plaintiff after learning that Plaintiff was not Amy Gil and that Plaintiff had demanded for Defendant to stop calling.

24. Plaintiff has been substantially damaged by Defendant's calls. Defendant wrongful conduct invaded Plaintiff's privacy, caused Plaintiff to be charged for its (Defendant's) calls, and consciously annoyed and harassed Plaintiff.[7]

---

[7] *See*, Mims v. Arrow Financial Services, Inc., 132 S.Ct. 740, 745 (Jan. 18, 2012) (discussing congressional findings, stating, "[i]n particular, Congress reported many consumers are outraged over the proliferation of intrusive, nuisance telemarketing calls to their homes, [and that] automated or prerecorded telephone calls made to private residences, Congress found, *were rightly regarded by recipients* as an invasion of privacy." (emphasis added) (internal quotation marks omitted)).

***COUNT I***
**<u>VIOLATION OF THE TCPA</u>**

25. Plaintiff incorporates by reference paragraphs 11-24 of this Complaint as though fully stated herein.

26. Defendant and/or its agents placed hundreds of unsolicited telephone calls to Plaintiff's cellular phone without his prior consent and utilized an ATDS and/or an artificial/prerecorded voice message in making such calls.

27. Defendant's use of an ATDS is evidenced by the distinct pause Plaintiff would notice upon answering Defendant and/or its agent's telephone calls.

28. Also, Defendant's use of a prerecorded/artificial voice was experienced by Plaintiff repeatedly, whereby, upon answering Defendant and/or its agent's telephone call, and after a noticeable pause, a prerecorded message would begin to play and explain the reason for the call.

29. Additionally, and most explicitly, Defendant's use of prerecorded/artificial voice is irrefutably exemplified in the repeated voicemails Defendant would leave for Plaintiff.

30. Notwithstanding the fact that nearly every call Defendant made to Plaintiff is tantamount to a knowing or willful violation of the TCPA, Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii), and as a result thereof, Plaintiff suffered damages in the form of, including, but not limited to, monies paid to receive unsolicited telephone calls.

31. Therefore, Plaintiff seeks an Order under §227(b)(3)(B) awarding a minimum of $500.00 in damages for each of Defendant's violations of the TCPA. *See,* <u>Alea London Ltd. v. Am. Home Servs., Inc.</u>, 638 F.3d 768, 776 (11th Cir.20110) (stating that

the TCPA is essentially a strict liability statute that does not require any intent except when awarding treble damages).

32. Alternatively, however, pursuant to §227(b)(3)(C) of the TCPA, the Court can award treble damages ($1,500.00) for each willful and knowingly violation of the TCPA because, as set forth above, Defendant made a *minimum* of 200 calls to Plaintiff's cellular telephone *after* Plaintiff had repeatedly advised Defendant that he (Plaintiff) was not Amy Gil and for Defendant to stop calling.

33. Thus, the Court should award treble damages ($1,500.00) for each violation of the TCPA committed by Defendant because such violations were committed willfully or knowingly, as well as enjoining Defendant's unlawful telephone calling activities pursuant to §227(b)(3)(A) of the TCPA.

**COUNT II**
**VIOLATION OF THE FCCPA**

34. Plaintiff incorporates by reference paragraphs 11-24 of this Complaint as though fully stated herein.

35. At all times relevant to this action, Defendant is subject to and must abide by the laws of Florida, including the FCCPA.

36. "[T]he FCCPA applies to [cases] of mistaken identity, where the creditor calls the wrong number and the recipient has no knowledge of the actual debt." Fini v. Dish Network L.L.C., 955 F. Supp. 2d 1288, 1298 (M.D. Fla. 2013) (citing Desmond v. Accounts Receivable Management, Inc., 72 So.3d 179, 181 (Fla. 2d DCA 2011).

37. In light of the preceding, Defendant violated §559.72(7) of the FCCPA by willfully communicating with Plaintiff in such frequency as to be reasonably expected to

harass and/or abuse Plaintiff, whereby Plaintiff, pursuant to § 559.77(2), Fla. Stat., seeks actual and statutory damages for the same.

## DEMAND FOR JURY TRAIL

38. Plaintiff JEAN SENATUS, on behalf of himself, requests a trial by jury on all issues triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JEAN SENATUS respectfully requests this Honorable Court to enter judgment against Defendant, granting Plaintiff the following relief:

(a) Statutory damages of $500.00 for each TCPA violation determined to be negligent, pursuant to 47 U.S.C. § 227(b)(3)(B);

(b) Treble damages of $1,500.00 for each TCPA violation determined to be willful and/or knowing, pursuant to 47 U.S.C. § 227(b)(3)(C);

(c) Actual damages for the TCPA violations committed by the Defendant.

(d) An award of actual and statutory damages for the FCCPA violations committed by Defendant;

(e) An injunction requiring Defendant to cease all unsolicited telephone calling activities;

(f) Punitive damages;

(g) An award of reasonable attorneys' fees and costs; and

(h) Such other and further relief that the Court deems reasonable and just.

*INTENTIONALLY LEFT BLANK*

DATED: April, 9 2016.

Respectfully Submitted,

/s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail: tpatti@thomasjohnlaw.com
Thomas-John Law, P.A.
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida 33301
Phone: 877-575-0010
Fax: 954-507-9975

*AND*

/s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
The Law Offices of Jibrael S. Hindi PLLC
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
Fax: 855-529-9540

*Counsel for Plaintiff*