UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JEAN SENATUS, individually,

       Plaintiff,                      Case No.   0:16-cv-60788-UU

vs.

REGIONAL ACCEPTANCE
CORPORATION, a North Carolina
corporation,

       Defendant.               /

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, MOTION TO
TRANSFER AND INCORPORATED MEMORANDUM OF LAW**

      Defendant, Regional Acceptance Corporation ("Regional Acceptance"), by and through its undersigned counsel, and pursuant to Rule 12(b)(3), Fed. R. Civ. P., and 28 U.S.C. §§ 1391, 1404, and 1406, moves this Court for an Order dismissing the Complaint (Doc. 1) due to improper venue, or in the alternative, transferring this action to the Middle District of Florida for the convenience of the parties and witnesses and in the interest of justice.  In support of its Motion, Regional Acceptance states the following:

      1.    In the Complaint, Plaintiff, Jean Senatus asserts the following claims against Regional Acceptance: (I) violation of the Telephone Consumer Protection Act; and (II) violation of the Florida Consumer Collection Practices Act.

      2.    The Complaint should be dismissed for improper venue or, in the alternative, the action should be transferred to the proper and more convenient venue of the Middle District of Florida.

1

## INCORPORATED MEMORANDUM OF LAW

Regional Acceptance submits this Memorandum in support of its Motion to Dismiss Plaintiff's Complaint for Improper Venue, or in the Alternative, Motion to Transfer Venue.

## FACTUAL BACKGROUND

Senatus is a Florida resident, residing in Collier County, Florida, which is in the Middle District of Florida. (Compl., ¶ 4.) In his Complaint, he asserts claims against Regional Acceptance, an automobile finance company, which is incorporated in North Carolina with its principal place of business in North Carolina. (*Id.* at 5-6.) Plaintiff's claims arise under two separate statutes. Count I of the Complaint arises under the Telephone Consumer Protection Act ("TCPA") and Count II under the Florida Consumer Collection Practices Act ("FCCPA").

All of Senatus' claims are based on the allegation that Regional Acceptance allegedly violated the TCPA when it attempted to collect a debt by using an automatic telephone dialing system ("ATDS") and a prerecorded voice to call one of its customers. Senatus alleges that instead of reaching its own customer, Regional Acceptance dialed a telephone number that belonged to Senatus. (Compl., at ¶ 12.) These calls were made after Senatus allegedly asked Regional Acceptance to stop calling him. (*Id.* at ¶ 22.) According to the Complaint, Regional Acceptance also violated the FCCPA because these calls to Senatus were "harassing." (*Id.* at ¶ 3.)

There is no allegation in the Complaint that any of the alleged wrong acts occurred in the Southern District. There is no allegation in the Complaint that Regional Acceptance is an actual resident of the Southern District other than the conclusory allegation that Regional Acceptance "resides" in the Southern District. (Compl., at ¶ 10.) In fact, there is no allegation that any of

the acts even occurred in Florida beyond the assertion that Senatus is a resident of the Middle District of Florida. (Compl., ¶ 4.)

## STANDARD OF REVIEW

Pursuant to Rule 12(b)(3), Fed. R. Civ. P., a defendant may move to dismiss a claim for improper venue. When a defendant objects to venue under Rule 12(b)(3), the plaintiff bears the burden of showing that venue in the selected forum is proper. *Hemispherx Biopharma, Inc. v. Midsouth Capital, Inc.*, 669 F. Supp. 2d 1353, 1356 (S.D. Fla. 2009) (citing *Delong Equipment Co. v. Washington Mills Abrasive Co.,* 840 F.2d 843, 845 (11th Cir. 1988) (stating that plaintiff must make a prima facie showing of venue); *BP Prods. N. Am., Inc. v. Super Stop 79, Inc.,* 464 F. Supp. 2d 1253, 1256 (S.D. Fla. 2006); *Wai v. Rainbow Holdings,* 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004). When a defendant challenges an allegation in the complaint, the court may examine facts outside of the complaint to determine whether venue is proper. *Id.*

## ARGUMENT

Courts determine whether venue for a civil action is proper under 28 U.S.C. § 1391. According to § 1391(b), venue in a civil action is proper:

> (1) In a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) In a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) If there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In enacting the venue statute, Congress intended to protect defendants and "therefore 'meant to require courts to focus on relevant activities of the defendant, not of the plaintiff.'" *Jenkins Brick Co. v. Bremer,* 321 F.3d 1366, 1371-72 (11th Cir. 2003) (quoting

*Woodke v. Dahm,* 70 F.3d 983, 985 (8th Cir. 1995)). While certain kinds of events may be necessary to give rise to the claim, "[o]nly those actions which were, in and of themselves, 'wrongful' or had a 'close nexus' to the wrong could form the basis of proper venue." *Forbes v. Lennox Fin. Mortg. LLC,* No. 08-60455-CIV, 2008 U.S. Dist. LEXIS 110816 at *3 (S.D. Fla. July 30, 2008) (quoting *Jenkins Brick Co.,* 321 F.3d at 1371). A central purpose of the federal venue statute is to ensure that a defendant is not "hailed into a remote district having no real relationship to the dispute." *Woodke,* 70 F.3d at 985 (quoting *Cottman Transmission Sys. v. Martino,* 36 F.3d 291, 294 (3rd Cir. 1994)).

Even if venue is properly established in a particular district, however, venue may be transferred for the convenience of parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a). The most appropriate venue for this action would be the Middle District of Florida, where Plaintiff herself resides, where all (or substantially all) of Senatus' witnesses likely reside, and, taking the allegations in the Complaint as true only for purposes of a motion to dismiss, Regional Acceptance's actions substantially occurred. If venue is not proper in a particular district court, the court shall dismiss the case or transfer the case in the interest of justice to the district court where it could have been brought. 28 U.S.C. § 1406.

### A. The Complaint Contains Conclusory Statements of Venue.

In conclusory fashion, Senatus contends in her Complaint that venue is proper in the Southern District of Florida because "[Regional Acceptance] resides in this District pursuant to 28 U.S.C. § 1391." (Compl., ¶ 10.) Senatus, however, fails to cite to a single event in support of her choice of venue. The Complaint merely recites that Regional Acceptance "regularly engages in business throughout the State of Florida and derived substantial revenue from interstate commerce." (*Id.* at ¶ 7.) In fact, Senatus admits that (1) Regional Acceptance is a corporation

organized and existing under the laws of the State of North Carolina, (2) that Regional Acceptance's principle place of business is located in Greensboro, North Carolina (*Id.* at ¶ 5-6), and that (3) Senatus herself resides in the Middle District of Florida (*Id.* at ¶ 4).

Although the Complaint fails to specify which provision of § 1391 supports venue in the Southern District of Florida, it appears that Senatus is relying upon § 1391(b)(1) through its allegation that Regional Acceptance "resides" in this District. Hence, Plaintiff has failed to plead facts showing venue exists in this District.

**B. Regional Acceptance is Not a Resident of the Southern District of Florida.**

Section 1391(b)(1) provides that venue is proper in a "judicial district in which any defendant resides…." In order to determine a corporation's residence in a State with multiple districts, Section 1391(d) states that:

> For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is *subject to personal jurisdiction at the time the action is commenced*. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

(Emphasis added.)

Thus, because Florida has more than one judicial district, Senatus' action can be brought in the Southern District only if Regional Acceptance's contacts with the Southern District would be sufficient to subject it to personal jurisdiction there. In other words, for this Court to determine whether venue is appropriate in the Southern District, this Court must analyze whether the Southern District has personal jurisdiction over Regional Acceptance (treating the Southern District as if it were a separate State).

Accordingly, personal jurisdiction over Regional Acceptance only exists if Regional

Acceptance's activities and contacts in the Southern District satisfy Florida's long-arm statute, §48.193, Florida Statutes, and if Regional Acceptance has sufficient "minimum contacts" with the Southern District so as to satisfy "traditional notions of fair play and substantial justice" under the Due Process Clause of the Fourteenth Amendment. *Stubbs v. Wyndam Nassau Resort and Crystal Palace Casino*, 447 F.3d 1357 (11th Cir. 2006). Pursuant to §48.193, personal jurisdiction will only exist if the Southern District has specific personal jurisdiction over Regional Acceptance or general jurisdiction over Regional Acceptance.

Furthermore, it should be noted that Senatus does not specifically allege in her Complaint whether the Southern District has specific or general personal jurisdiction over Regional Acceptance. Nonetheless, this Motion will address both types of personal jurisdiction and will show that neither specific nor general personal jurisdiction can be exercised over Regional Acceptance by the Southern District.

### 1. There is No Specific Personal Jurisdiction over Regional Acceptance.

Section 48.193(1), Florida Statutes, provides that specific personal jurisdiction exists over a defendant where a cause of action *arises out of* certain specific actions done within the jurisdiction, such as engaging in business within the jurisdiction, committing a tortious act within the jurisdiction, or causing injury to a person within the jurisdiction. Specific personal jurisdiction may only be exercised where "the plaintiff's cause of action arises from or is directly related to a defendant's contacts within [the jurisdiction]." *Crowe v. Paragon Relocation Resources, Inc.*, 506 F. Supp. 2d 1113 (N.D. Fla. 2007). Stated differently, specific personal jurisdiction is only satisfied by a showing of some direct affiliation, nexus, or substantial connection between the cause of action and the defendant's activities within the jurisdiction. *See id.*

In the instant case, there is no connection between Senatus' cause of action and any nominal activities Regional Acceptance may engage in for its other customers. More importantly, it is clear that Senatus' alleged injury did not occur in the Southern District and did not arise out of any of the very limited contacts Regional Acceptance does have with the Southern District. Senatus states that she resides in Colliers County, Florida, which *is in the Middle District*. Venue under §1391(a), therefore, is improper because the Southern District does not have specific personal jurisdiction over Regional Acceptance.

### 2. There is No General Personal Jurisdiction over Regional Acceptance.

Alternatively, pursuant to §48.193(2), a court may exercise personal jurisdiction over a defendant when the lawsuit does not arise out of the defendant's activities in the jurisdiction so long as that defendant "is engaged in substantial and not isolated activity" within the jurisdiction, *i.e.*, general personal jurisdiction. Where a defendant does not have contact with the jurisdiction sufficient to constitute "substantial and not isolated activity," however, there is no general personal jurisdiction over that defendant. *Id.*

The Supreme Court of the United States, in a somewhat recent opinion, spoke of the high standard for general personal jurisdiction. In *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), the Court confirmed that merely conducting business in a forum, even very substantial and systematic business, is insufficient to support general personal jurisdiction over a corporate defendant. In *Daimler*, the Supreme Court addressed whether the contacts of Mercedes Benz USA, Inc. ("MBUSA") within the state of California were sufficient to allow a California federal court to exercise personal jurisdiction over MBUSA's parent company.

The Supreme Court first made clear that a corporation is not "at home" in "every state in which it engages in a substantial, continuous, and systematic course of business[.]" *Id*. at 760-

61. The Court characterized that former approach as "unacceptably grasping." *Id.* at 761. Rather, the Court explained that, "[w]ith respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" *Id.*

The Court did not "foreclose the possibility that in an exceptional case . . . a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Id.* at 761 n.19 (emphasis added). But, the Court concluded that even considering both MBUSA's and Daimler AG's business activities in California – including the tens of thousands of vehicles that MBUSA sells in California, its regional headquarters, and its statewide service and sales support – was insufficient to find general personal jurisdiction. Instead, the Court explained:

> If Daimler's California activities sufficed to allow adjudication of this Argentina-rooted case in California, the same global reach would presumably be available in every other State in which MBUSA's sales are sizable. Such exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.

*Id.* at 761-62 (quotation marks omitted). The Court added that even considering MBUSA's activities, Daimler AG's California contacts "plainly do not approach th[e] level" of exceptional in-forum conduct that could subject it to general personal jurisdiction. *Id.* at 716 n.19; *accord Nichols v. G.D. Searle & Co.*, 991 F.2d 1195 (4th Cir. 1993) (finding a lack of general jurisdiction, despite the presence of over 20 sales employees, contracts within the forum, annual sales meetings within the forum, and $13,000,000 in gross annual sales within the forum). Thus, the standard for finding general jurisdiction is now extraordinarily high.

The Eleventh Circuit has closely followed the Supreme Court's opinion in *Daimler* and emphasized that "a corporation's operations in a forum other than its formal place of

8

incorporation or principal place of business will be so substantial and of such a nature as to render the corporation at home in that State only in 'exceptional' cases." *Schulman v. Inst. for Shipboard Educ.*, 624 Fed. Appx. 1002, 1005 (11th Cir. 2015) (citing *Daimler*, 134 S. Ct. at 761).

There is no basis to find that Regional Acceptance is engaged in "substantial" or "exceptional" activity within the Southern District to overcome the high standards of *Daimler*. In fact, there are no allegations in the Complaint that Regional Acceptance is engaged in any activity in the Southern District. Indeed, Senatus asserts that Regional Acceptance is incorporated in North Carolina and that the alleged wrongful activity – telephone calls – were placed to her. She states that she is a resident of Colliers County, Florida, which is in the Middle District. There is simply no reference whatsoever to any activity – wrongful or otherwise – happening in the Southern District. As such, there can be no exercise of general personal jurisdiction over Regional Acceptance and venue is improper under §1391(a

## C. A Substantial Part of the Events Giving Rise to the Claims Occurred in the Middle District of Florida.

While the Complaint clearly references "residence" as the impetus behind the choice in venue, venue would still be improper even if Senatus argues it under § 1391(b)(2). Section 1391(b)(2) allows for an action to be brought in "the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." § 1391(b)(2).

Under 28 U.S.C. § 1391, Congress intended to protect defendants in enacting the venue statute and intended to "require courts to focus on relevant activities of the defendant, not of the plaintiff." *Hemispherx Biopharma, Inc. v. Midsouth Cap., Inc.*, 669 F. Supp. 2d 1353, 1356 (S.D. Fla. 2009). "Only those actions which were, in and of themselves, wrongful or had a close nexus to the wrong could form the basis of proper venue. *Id*. at 1357. Venue should be placed in the

9

district where the wrong has been committed. *Sterling Wholesale, LLC v. Travelers Indem. Co. of Connecticut*, No. 12-60500-CIV, 2012 U.S. Dist. Lexis 89358 (S.D. May 29, 2012). This is to ensure that a defendant is not hailed into a district having no real relationship to the claim. *Hemispherx*, 669 F. Supp. 2d at 1356.

In *Hemispherx*, the Southern District held that venue was improper in the Southern District and transferred the suit to the Northern District of Georgia as the plaintiff's complaint and affidavits did not demonstrate a close nexus between the Southern District and the relevant activities of the defendant. *Id*. at 1357-58. Likewise, in *Sterling Wholesale*, the Southern District dismissed the action for improper venue and transferred the case to the Eastern District of Virginia where the alleged wrongful activity of denying coverage under an insurance policy took place. *Sterling Wholesale*, 2012 U.S. Dist. Lexis at *2.

Senatus' alleged basis for venue in the Southern District is that: "[t]he Court has personal jurisdiction over [Regional Acceptance] because a substantial part of the events and omissions giving rise to the cause of action herein occurred in this state", and "[v]enue is proper in this District because Defendant resides within this District pursuant to 28 U.S.C. § 1391." (Compl., at ¶¶ 9-10.) However, Senatus admits in the Complaint that she resides in Collier County, Florida. (*Id.* at ¶ 4.) Senatus' allegations, and, more importantly, the alleged activities that are the purported basis for Senatus' claims, demonstrate that venue is not properly in the Southern District.

Since the Eleventh Circuit instructs that "[o]nly the events that directly give rise to a claim are relevant" and "of the places where the events have taken place, only those locations hosting a 'substantial part' of the events are considered," this lawsuit should be dismissed and/or transferred to the Middle District since Colliers County, Florida is the only qualifying location.

*See Jenkins Brick Co.*, 321 F.3d at 1371. The actions of Regional Acceptance that could have a close nexus to the alleged wrong occurred in Collier County, Florida. The Southern District of Florida has no relevant connection to this lawsuit, and is certainly not the district where a "substantial part" of the events giving rise to the lawsuit occurred. Senatus has not satisfied her burden to show that venue in the Southern District is proper. Accordingly, Regional Acceptance requests that the Court dismiss the suit for lack of venue in the Southern District.

### D. The Proper Remedy Due to the Lack of Proper Venue is Dismissal.

Pursuant to 28 U.S.C. § 1406(a), when a case is filed "laying venue in the wrong division or district" the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The requirement of having some basis for bringing the action in the original court to warrant transfer to a new federal court pervades the case law addressing whether to dismiss or transfer an action under § 1406(a). As the Fourth Circuit has explained:

> [T]he interest of justice is not served by allowing a plaintiff whose attorney committed an obvious error in filing the plaintiff's action in the wrong court, and thereby imposed substantial unnecessary costs on both the defendant and the judicial system, simply to transfer his/her action to the proper court . . . .

*Nichols*, 991 F.2d at 1201. The Fourth Circuit held that "where a plaintiff's attorney files in the wrong jurisdiction not because they made an erroneous guess with regard to an elusive fact, but because he/she made an obvious error, transfer under section 1406 is inappropriate." *Id.* at 1202; *see also Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 394 (2d Cir. 1992) ("Upon reviewing the facts, we conclude that allowing a transfer in this case would reward plaintiffs for their lack of diligence in choosing a proper forum and thus would not be in the interest of justice."); *Fowler v. Fischer*, 2014 U.S. Dist. LEXIS 113313, at *7 (S.D.N.Y. Aug. 14, 2014) (same).

Simply put, there has never been any plausible basis for venue in the Southern District. And, Senatus' conclusory allegation in the Complaint that venue is proper because "Defendant resides in this District," (Compl., at ¶ 10), has been thoroughly discredited by the facts set forth above. Hence, as in *Nichols*, the Court should dismiss the action.

### E. If the case is not dismissed, it should be transferred to the Middle District of Florida.

Should the Court determine not to dismiss the Complaint, § 1406(a) informs the Court to transfer the case to "any district or division in which it could have been brought." 28 U.S.C. § 1406(a). That statutory standard merges with the transfer provision set forth under 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *Id.*

#### 1. The Action Could Have Been Filed in the Middle District.

This action could have been brought in the United States District Court for the Middle District of Florida. The TCPA grants original jurisdiction to federal courts. *See* 47 U.S.C. § 227. Federal claims may be brought in the district where a substantial part of the omissions or acts giving rise to the action occurred. 28 U.S.C. § 1391(b)(2). Because a substantial portion of the acts giving rise to this action occurred in the Middle District of Florida, this action could have been brought there. *See id.*

#### 2. Transferring the Action is More Convenient for the Parties and Witnesses and is in the Interest of Justice.

The purpose of 28 U.S.C. § 1404(a) "is to determine the most convenient forum from among two or more possibly more correct ones." *Schoch v. Dade City Retirement Housing, Inc.,* No. 86-199-CIV, 1987 U.S. Dist. LEXIS 15986, *15 (M.D. Fla. Mar. 11, 1987). Important

considerations for transferring an action based on the convenience of the parties and witnesses are "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id*. at *11. Litigation of this action is more convenient for the parties and witnesses because Senatus resides in the Middle District and seemingly all of her witnesses would as well.

Finally, the public interest factors favor transfer of this suit to the Middle District. The Middle District has a stronger interest in trying this suit because the alleged acts that form the basis for Senatus' claims occurred in Collier County, Florida, where Senatus resides. Based on the convenience of the parties and witnesses and in the interests of justice, Regional Acceptance requests transfer of this suit to the Middle District of Florida.

## Conclusion

For the foregoing reasons, Regional Acceptance respectfully requests this Court to enter an order dismissing the Complaint for improper venue, or in the alternative, enter an order transferring this case to the Middle District.

WHEREFORE, Defendant Regional Acceptance Corporation, respectfully requests this Court enter an order dismissing the Complaint for improper venue, or in the alternative, enter an order transferring this case to the United States District Court for the Middle District of Florida, with all costs of transfer to be paid by the Plaintiff

## Certificate of Good Faith Conferral

The undersigned hereby certifies that on May 2, 2015, a representative for Regional Acceptance conferred with Counsel for Plaintiff and was unable to resolve the issues addressed

in this Motion.  Counsel for Plaintiff asserted that venue is proper because Regional Acceptance does business in the Southern District of Florida.

        Respectfully submitted,

        */s/ David S. Hendrix, Esq.*___
        David S. Hendrix, Esq.
        Florida Bar No. 827053
        David.Hendrix@gray-robinson.com
        Christian M. Leger, Esq.
        Florida Bar No. 100562
        Christian.leger@gray-robinson.com
        GRAY ROBINSON, P.A.
        401 E. Jackson Street, Suite 2700 (33602)
        Post Office Box 3324
        Tampa, Florida  33601-3324
        (813) 273-5000
        (813) 273-5145 (fax)

## Certificate of Service

I hereby certify that on May 4, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Thomas John Patti, III
Thomas-John Law, PA
110 SE 6th Street, Ste 1700
Fort Lauderdale, FL 33301

And

Jibrael Jarallah Said Hindi
The Law Offices of Jibraek S. Hindi
110 SE 6th treet, 17th Floor
Fort Lauderdale, FL 33301

          **/s/ David S. Hendrix**
          Attorney